# In the United States Court of Federal Claims

No. 25-670C
Filed: April 22, 2025
NOT FOR PUBLICATION

**MICHAEL JACKSON,**

    *Plaintiff,*

v.

**UNITED STATES,**

    *Defendant.*

**ORDER**

The plaintiff, proceeding *pro se*, filed this action on April 18, 2025, and the complaint was docketed on April 21, 2025. The plaintiff contemporaneously filed a motion for leave to proceed *in forma pauperis*.[1]

The complaint fails to identify a non-frivolous basis for Tucker Act jurisdiction over the plaintiff's claims and is dismissed without prejudice pursuant to Rules 12(b)(1) and 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC").

Before considering the merits of a plaintiff's claims, a court must first determine that it has jurisdiction to hear the case. Jurisdiction is a threshold matter that a court must resolve before it addresses the merits of a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). A federal court has a responsibility to ensure that it has jurisdiction over any claims asserted. *See, e.g.*, *St. Bernard Parish Gov't v. United States*, 916 F.3d 987, 992-93 (Fed. Cir. 2019). A court may dismiss a complaint on its own initiative if "the pleadings sufficiently evince a basis" for the court to take that action. *Anaheim Gardens v. United States*, 444 F.3d 1309, 1315 (Fed. Cir. 2006). At this stage of the case, all the plaintiff's nonfrivolous factual allegations are assumed to be true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

The plaintiff is proceeding *pro se*. As a result, his complaint is given a more liberal construction than it would be given if prepared by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Notwithstanding this liberal construction, a *pro se* plaintiff must still

---

[1] Based on the information contained in that motion, the plaintiff is eligible to proceed *in forma pauperis*, and the motion for leave to proceed *in forma pauperis* is **GRANTED**.

demonstrate that his complaint satisfies the jurisdictional limits on the Court of Federal Claims. *See Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

The jurisdiction of the Court of Federal Claims is established by the Tucker Act, which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

The Tucker Act waives the sovereign immunity of the federal government to provide jurisdiction in the Court of Federal Claims for a claim founded on an express or implied contract with the United States, for a refund from a prior payment made to the United States, or a claim based on a federal constitutional, statutory, or regulatory provision mandating compensation by the federal government for damages sustained, unless arising from a tort. *See United States v. Navajo Nation*, 556 U.S. 287, 289-90 (2009). For a claim based on an alleged violation of law, the plaintiff must identify a money-mandating source of law in addition to asserting jurisdiction under the Tucker Act. *See Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc* in relevant part).

The plaintiff alleges that he has been the victim of mail tampering, identity theft, a breach of contract with the federal government, and a taking. Based on the information supplied by the plaintiff in support of his complaint, it appears that the plaintiff is challenging the reduction in his veterans' benefits by the Department of Veterans Affairs ("VA"). In response to the plaintiff's appeal, the Board of Veterans Appeals remanded his claim to a regional office. The matter remains pending before the VA.

To begin, claims related to the failure to deliver mail are tort claims beyond the jurisdiction of the Court of Federal Claims. *D'Agostino v. United States*, No. 2024-1319, 2024 WL 4758571, *2 (Fed. Cir. Nov. 13, 2024); *Threatt v. United States*, 77 Ct. Cl. 645, 646 (1933).

Likewise, the Court of Federal Claims lacks jurisdiction over claims arising under federal criminal laws. *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997). The claims for criminal identity theft and mail tampering must be dismissed for lack of jurisdiction.

Claims for breach of contract and a taking under the fifth amendment do fall within the jurisdiction of the Court of Federal Claims. The contract and taking claims are both predicated on the VA's allegedly erroneous reduction of the plaintiff's benefits and the failure to rectify that reduction. Congress has established a detailed scheme for the administrative and judicial review of benefits decisions of the VA. Under that scheme, appeals are considered first by an administrative entity, the Board of Veterans Appeals ("BVA"). Appeals from decisions of the BVA are heard "exclusively" by the United States Court of Appeals for Veterans Claims

("CAVC"). 38 U.S.C. § 7252(a). Appeals from the CAVC are heard by the Court of Appeals for the Federal Circuit. 38 U.S.C. § 7292(c). In a claim for money damages from the United States, the Supreme Court has held that the Tucker Act is displaced when Congress has created a specific remedial scheme, which becomes "the exclusive framework for the liability . . . created under the statute." *United States v. Bormes*, 568 U.S. 6, 12 (2012). Under this precedent, the plaintiff must exclusively pursue the remedial scheme created to resolve veterans' claims for benefits.

The plaintiff seeks to receive an increase in the amount of his veterans' benefits by overturning the previous reduction imposed by the VA. As of March 3, 2025, the date of the most recent correspondence from the VA attached to the plaintiff's complaint, his claim remains pending before the VA. Thus, the plaintiff has a ripeness problem in addition to a jurisdictional one. In any event, the Court of Federal Claims either lacks jurisdiction or has had its jurisdiction displaced by statute.

Before dismissing a complaint for lack of jurisdiction, 28 U.S.C. § 1631 requires the court to consider whether to transfer the case to a federal court that can exercise jurisdiction. The only court that can hear the plaintiff's claim to restore his veterans' benefits is the CAVC. Transfer to that court is not appropriate because the plaintiff's claims are not yet ripe, as the VA has not yet resolved the remand by the BVA. Transfer is not in the interest of justice.

The dismissal for lack of jurisdiction is without prejudice, meaning the plaintiff will be able to seek judicial review at the appropriate time in the CAVC.

The complaint fails to present a claim within the jurisdiction of the Court of Federal Claims and is, accordingly, **DISMISSED** without prejudice pursuant to RCFC 12(b)(1) and 12(h)(3). The Clerk is **DIRECTED** to enter judgment accordingly. No costs are awarded.

It is so **ORDERED**.

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**